IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard David Ratliff, #236967,<br><br>Petitioner,<br><br>v.<br><br>Warden, Lee Correctional Institution<br><br>Respondent. | C/A No. 5:16-03313-JFA-KDW<br><br>**ORDER** |

## I.   INTRODUCTION

Richard David Ratliff ("Petitioner" or "Ratliff"), a prisoner proceeding *pro se*, filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254. Ratliff alleges that his constitutional rights have been violated based on multiple instances of ineffective assistance of counsel during his state trial and appeal.

The Respondent filed a motion for summary judgment on March 24, 2017. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond to the Respondent's motion. Petitioner filed a response on April 3, 2017. However, over the course of the next few months, Petitioner filed multiple motions asking the Magistrate Judge to extend his time to more fully respond. These motions were granted. On June 9, 2017, Petitioner filed his response in opposition to the Respondent's Motion for Summary Judgment, to which the Respondent replied

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion for Summary Judgment and dismiss Ratliff's Petition. (ECF No. 24). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Essentially, the Magistrate Judge determined that all but one – the Seventh Ground – of Petitioner's grounds for relief have been procedurally bypassed. As to the Seventh Ground, the Magistrate Judge determined that the state court's dismissal of Petitioner's ineffective assistance of counsel claim did not involve an unreasonable application of federal law.[2]

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 31, 2017. (ECF No. 44). Petitioner filed objections to the Report on October 6, 2017, (ECF No. 50), and Respondent filed a response to Petitioner's objections on October 11, 2017. (ECF No. 52). Thus, this matter is ripe for the Court's review.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

[2] In his objection memorandum, Petitioner does not suggest cause for the default nor actual prejudice.

The district court is to construe a *pro se* petitioner's objections to a report and recommendation broadly rather than in a narrow manner. *See Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982) (holding that the fact "that Orpiano was acting pro se should have encouraged the district court to read his objections broadly rather than in [a] narrow manner"). However, a district court is not required to conduct de novo review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. at 47.

II. **DISCUSSION**

Within his petition for writ of habeas corpus, Ratliff attempts to set forth seven grounds for relief.[3] In each ground for relief, Petitioner argues ineffective assistance of counsel. The Magistrate Judge's Report thoroughly outlines the applicable legal standards and properly analyzes the claims for relief before concluding that summary judgment should be granted and the petition should be dismissed. (ECF No. 44).

The Magistrate Judge suggests that the first six grounds are procedurally barred and not preserved for review. *See, e.g. Pickard v. Connor*, 404 U.S. 270, 278 (1971) ("We simply hold that the substance of a Federal habeas corpus claim must first be presented to het state courts."). The Magistrate Judge did, however, address Petitioner's Ground Seven on the merits under *Strickland v. Washington*, 466 U.S. 558 (1984). The Magistrate Judge,

---

[3] As the magistrate notes, ground one on the petitioner's form contains no specific ground, but instead includes a paragraph under "supporting facts." It appears to be a preamble to Petitioner's memorandum. Furthermore, as found by the Magistrate Judge, ground seven is not set forth in Petitioner Memorandum, but instead as one of the exhibits to the Memorandum and appears to be a copy of Petitioner's appellate brief. It appears the Magistrate Judge took painstakingly careful measures to interpret the petition in the most liberal possible manner.

3

agrees with the PCR court's finding that the trial counsel did not err in failing to object to the admission of the State's evidence on a different basis.

The Magistrate Judge opines that trial counsel's performance was not deficient under *Strickland*. Ultimately, the Magistrate Judge finds that the state courts' decisions did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor were they "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254.

Petitioner has submitted a fifteen-page handwritten response to the Report. Despite his numerous arguments and assertions, Petitioner fails to make any specific objections to the Magistrate's Report. Most of Petitioner's assertions are an attempt to reargue his § 2254 Petition (ECF No. 1) and his response to Respondent's Motion for Summary Judgment (ECF No. 42). Petitioner does not specifically point to any mistakes or error in the Report.

As stated above, in absence of specific objections that direct the court to a specific error in the magistrate's proposed findings and recommendations, the Court is not required to give an explanation for adopting the recommendation of the Magistrate Judge. *See Orpiano,* 87 F.2d at 48. The Court has made a substantial effort to read Petitioner's arguments broadly for objections as advised by the Fourth Circuit in *Orpiano*. However, none of the arguments can be construed as specific objections to the Report. The arguments do not reasonably alert the district court of the true ground for the objection.

In summary, the Petitioner's objections consist of little more than conclusory allegations about alleged procedural defects in his state court trial. He has not convinced

4

this Court that he Magistrate Judge's determination that grounds one through six of his petition have been defaulted and that ground seven fails on its merits. Accordingly, the objections are overruled.

   III.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 44), grants the Respondent's motion for summary judgment (ECF No. 26), and denies Ratliff's petition.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 16, 2018  
Columbia, South Carolina  

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that Petitioner "has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).The Court concludes that Petitioner has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.